IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIN TRAYLOR | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2333-P |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Melvin Traylor, appearing *pro se*, has filed an application to proceed *in forma pauperis* in this habeas case brought under 28 U.S.C. § 2241. For the reasons stated herein, the application should be denied.

I.

Petitioner is serving a 275-month sentence for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. His conviction and sentence were affirmed on direct appeal. *United States v. Traylor*, No. 97-10067 (5th Cir. Jun. 15, 1999). Petitioner also filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 and an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Both motions were denied. *United States v. Traylor*, No. 3-00-CV-1999-R (N.D. Tex. Feb. 15, 2001), *COA denied*, No. 01-10396 (5th Cir. Jul. 11, 2001) (section 2254 motion); *Traylor v. Wendt*, No. 3-03-CV-0422-R, 2003 WL 21517358 (N.D. Tex. Apr. 14, 2003) (section 2241 writ). Undeterred, petitioner now seeks federal habeas relief for a second time on the ground that his sentence was enhanced for use of a firearm which was not alleged in the indictment

or proven to a jury beyond a reasonable doubt.[1]  Process has been withheld pending a determination of the application to proceed *in forma pauperis*.

II.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a).  The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit . . . that [he] is unable to pay such costs or give security therefor."  28 U.S.C. § 1915(a)(1).  The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 109 S.Ct. 364 (1988).  The amount of money available to an inmate in his prison trust account or from other sources should be considered.  *See id.*; *Braden v. Estelle*, 428 F.Supp. 595, 601 (S.D. Tex. 1977).

Petitioner has submitted an affidavit in support of his application to proceed *in forma pauperis*.  A statement of his inmate trust account is attached.  The record shows that petitioner has $120.32 on deposit with prison officials.  The filing fee for a habeas petition is $5.00.  28 U.S.C. § 1914(a).  The court concludes that petitioner is able to pay this fee without causing undue financial hardship.  *See also* MISC. ORDER 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

## **RECOMMENDATION**

The application to proceed *in forma pauperis* should be denied.  Petitioner should be ordered to pay the statutory filing fee by **January 6, 2006.**  If he fails to do so, this case should be dismissed without further notice.

---

[1] Petitioner also recently filed a second section 2255 motion that is currently pending before another judge in this district.  *United States v. Traylor*, No. 3-05-CV-2250-B.

DATED:  December 1, 2005.

                                           JEFF KAPLAN
                                           UNITED STATES MAGISTRATE JUDGE