IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIN TRAYLOR | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2333-P |
| | § | |
| DAN JOSLIN, Warden, | § | |
| FCI-Seagoville | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Melvin Traylor, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons stated herein, the application should be construed as a motion to correct, vacate, or set aside sentence and dismissed as successive.

I.

Petitioner is serving a 275-month sentence for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846.  His conviction and sentence were affirmed on direct appeal.  *United States v. Traylor*, No. 97-10067 (5th Cir. Jun. 15, 1999).  Petitioner also filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 and an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Both motions were denied.  *United States v. Traylor*, No. 3-00-CV-1999-R (N.D. Tex. Feb. 15, 2001), *COA denied*, No. 01-10396 (5th Cir. Jul. 11, 2001) (section 2255 motion); *Traylor v. Wendt*, No. 3-03-CV-0422-R, 2003 WL 21517358 (N.D. Tex. Apr. 14, 2003) (section 2241 writ).

Petitioner now seeks section 2241 relief for a second time.  In his sole ground for relief, petitioner contends that his sentence was enhanced for use of a firearm which was not alleged in the

indictment or proven to a jury beyond a reasonable doubt. Process has been withheld pending a preliminary screening of the habeas petition.

II.

As a preliminary matter, the court must determine whether this claim is properly raised in a section 2241 habeas petition. A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877-88. However, habeas relief may be appropriate when the remedy provided under section 2255 is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir. 2000), *cert. denied*, 122 S.Ct. 476 (2001). A petitioner must satisfy two factors to show inadequacy. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id.* at 830, *quoting Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.*

Although not cited by petitioner in any of his pleadings, this claim appears to be predicated on the rule announced in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[1] However, nothing in *Blakely* or *Booker* suggests that those rulings apply retroactively. *Booker*, 125

---

[1] In *Blakely*, a majority of the Supreme Court held that an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. *Blakely*, 124 S.Ct. at 2538. *Booker* extended that holding to invalidate the mandatory nature of the federal sentencing guidelines. *Booker*, 125 S.Ct. at 759.

S.Ct. at 759 (Breyer, J.), *citing Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) (holding that decision applies "to all cases on *direct review*") (emphasis added). *See also United States v. Gentry*, ___ F.3d. ___, 2005 WL 3317891 at *2 (5th Cir. Dec. 8, 2005) (holding that *Booker* is not applicable to cases already final); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (same). Nor do those cases implicate petitioner's conviction for a substantive offense. That petitioner may be precluded from raising this claim in a second or successive section 2255 motion does not make that remedy "inadequate or ineffective." *See Jeffers*, 253 F.3d at 830; *United States v. Anthony*, No. 3-05-CV-1790-K, 2005 WL 2778657 at *1 (N.D. Tex. Oct. 24, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 3150235 (N.D. Tex. Nov. 14, 2005). Under these circumstances, petitioner is precluded from challenging his conviction under 28 U.S.C. § 2241.

### III.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before the defendant can file another motion in federal district court. *Id.* §§ 2241 & 2255.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive motion. Petitioner must obtain such an order before another motion for post-conviction

relief is filed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be construed as a motion to correct, vacate, or set aside sentence and dismissed without prejudice pending authorization from the court of appeals to file a successive motion in district court.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 29, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE